**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Harris County Municipal Utility District No. 290, | § § § | |
| *Plaintiff,* | § | |
| | § | Civil Action H-25-2605 |
| v. | § | |
| | § | |
| SDT Solutions, LLC, et al., | § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Pending before the court is Plaintiff's Motion to Remand. ECF No. 19. The Motion is **GRANTED**. The case is remanded to the 164th District Court of Harris County, Texas.

### *1. Background*

The Plaintiff in this lawsuit, Harris County Municipal Utility District No. 290 (Plaintiff), is a political subdivision of the state of Texas. ECF Nos. 1 ¶ 14, 1-3 ¶ 2. In May 2025, Plaintiff filed its Original Petition in the 164th District Court of Harris County, Texas. ECF No. 1-3. It alleges two state-law claims against four defendants—Brightspeed of Texas, Inc., Brightspeed of Southern Texas, Inc., Brightspeed of Coastal Texas, Inc. (the Brightspeed Defendants) and SDT Solutions, LLC (SDT). *Id.* The Brightspeed Defendants are Texas corporations that maintain a principal place of business in North Carolina. ECF No. 1-5 at 2, 1-6 at 2, 1-7 at 2. SDT is a limited liability company with members domiciled in Mississippi and Delaware. ECF Nos. 1 ¶ 15, 19 at 3. Plaintiff seeks injunctive relief and monetary relief over $1,000,000. ECF No. 1-3 ¶ 7.

Three days after filing its lawsuit, Plaintiff served the Brightspeed Defendants. ECF No. 19-1 at 9–11. It served SDT the following day. *Id.* at 8.

The day after SDT was served, it unilaterally removed the case to federal court. ECF No. 1. In its Notice of Removal, SDT stated that the court "has original jurisdiction . . . based on diversity of citizenship and an amount-in-controversy exceeding $75,000." *Id.* ¶ 5 (citing 28 U.S.C. §§ 1332, 1441(b), 1446). It asserted that, "[a]s of the date of this filing, [the Brightspeed Defendants] have not been served." *Id.* ¶ 3.

In its Motion to Remand, Plaintiff argues that the parties are not completely diverse, and therefore, the court lacks subject matter jurisdiction over this matter. Defendants did not respond to the Motion, so it is deemed unopposed. *See* S.D. Tex. L.R. 7.4 (stating that failure to respond to a motion is "taken as a representation of no opposition").

### 2. *Legal Standard and Analysis*

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332, 1441; *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 244 (5th Cir. 2020). The citizenship requirement in 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship between the parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386–87 (5th Cir. 2018) (emphasis omitted) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)).

The parties do not dispute the citizenship of each party. For the purposes of diversity jurisdiction, Plaintiff, a political subdivision of the state of Texas, is a citizen of Texas. ECF Nos. 1 ¶ 14, 1-3 ¶ 2. The Brightspeed Defendants—Texas corporations with a principal place of business in North Carolina—are considered citizens of both Texas and North Carolina. ECF Nos. 1 ¶ 16, 1-5 at 2, 1-6 at 2, 1-7 at 2, 19 at 2–3. And the parties agree that SDT is a foreign business entity. ECF Nos. 1 ¶ 15, 19 at 3.

Because Plaintiff and the Brightspeed Defendants are citizens of Texas, there is not complete diversity of citizenship between the parties, as required by 28 U.S.C. § 1332. The court lacks subject matter jurisdiction over this matter.

In its Notice of Removal, SDT asserted that "[b]ecause neither SDT . . . nor any of its members are citizens of the same state as Plaintiff . . . and because none of the other named defendants have been served at this time, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446." ECF No. 1 ¶ 17. In support, SDT cited the "snap removal" process, in which "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be properly joined and served is a citizen of the forum state." *Id.* at n.6 (quoting *Tex. Brine Co., LLC v. Am. Arbitration Assoc., Inc.*, 955 F.3d 482, 487 (5th Cir. 2020)).

The problem for SDT is that a non-forum defendant may use snap removal only when the action would be otherwise removable under 28 U.S.C. § 1332 were it not for the forum-defendant rule. *Tex. Brine Co.*, 955 F.3d at 485. The forum-defendant rule provides that an action that is "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Snap removal allows a non-forum defendant to bypass the forum-

defendant rule if it removes before the forum-defendant is served. *Tex. Brine Co.*, 955 F.3d at 487.

Here, the forum-defendant rule does not come into the equation. Because the parties are not completely diverse, the action was not otherwise removable on the basis of diversity jurisdiction. Accordingly, snap removal cannot apply. And even if the parties were completely diverse, SDT's attempt at snap removal failed for a second reason—the Brightspeed Defendants were properly served the day before SDT.

Because the parties are not completely diverse, SDT's removal was improper. The court lacks subject matter jurisdiction.

### 3. Conclusion

Plaintiff's Motion for Remand, ECF No. 19, is **GRANTED**. The case is remanded to the 164th District Court of Harris County, Texas.

Signed at Houston, Texas, on April 6, 2026.

_____
Peter Bray
United States Magistrate Judge